FILED

2020 Mar-16  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION


DR. JEFFREY D. MILNER,
MD, PHD & C & J
SCIENCES, LLC,

     PLAINTIFFS.

V.

TEAM HEALTH AKA SOUTHEAST
ER PHYSICIANS, PA;
BAPTIST HEALTH SYSTEMS MONTGOMERY;
BAPTIST MEDICAL CENTER EAST;
BAPTIST HEALTH SYSTEMS, BAPTIST
MEDICAL CENTER SOUTH & PRATTVILLE
BAPTIST; JOHN LEWIS, MD; NEAL
JOHNS, MD; ERIC MORGAN, MD; DR. JON
CUBA, MD; GINGER HENRY; ST.
VINCENT'S BLOUNT; ANDALUSIA HEALTH;
DR. KRISTI WITCHER; AND DR. DERIC
JONES,

     DEFENDANTS.

CASE NO: <u>2:19-cv-02041-GMB</u>

## PLAINTIFFS' THIRD AMENDED AND RESTATED COMPLAINT[1]

Comes now the plaintiffs, by counsel and makes the following complaint in the above action:

### A.   PARTIES

1.   The plaintiff's name is Jeffrey D. Milner. Plaintiff is a resident of Jefferson County, Alabama and at all times relevant hereto was an "employee" of Team Health, Baptist Health Systems Montgomery, Prattville Baptist, Baptist Health, Baptist South and its affiliates. He is the owner of C & J Sciences, LLC which is headquarted in Vestavia Hills, Alabama. C & J Sciences is the alter ego of plaintiff and both plaintiffs are hereinafter referred to as "plaintiff."

2.   Defendant Jon Cuba, MD, John Lewis, MD and Neal Johns, MD at all times relevant hereto, were employed by Team Health and their address is 1431 Centerpoint Blvd, Suite 100, Knoxville, TN 37932. At all times relevant hereto, they supervised and oversaw the plaintiff's employment with Team Health and with other defendants. They each directly participated in and assisted in terminating the Plaintiff because of plaintiff's complaints about violations of federal law and racial discrimination.

3.   Defendant Team Health (Team Health) is licensed to do business in Alabama and its address 1431 Centerpoint Blvd, Suite 100,

---

[1] *Plaintiff made a spelling, grammatical and a date correction, including in certificate of service, but made no substantive or material changes to said complaint*

Knoxville, TN 37932. It operated ER's at Defendant St. Vincent's in Blount County, Defendant Baptist Health Systems and affiliates, DCH and at Defendant Andalusia Health in Andalusia, Alabama.  Team Health is accredited by the JCAHO is obligated to provide and either provides and/or should provide a broad spectrum of emergency services as defined by the EMTALA.  It directly participated in and assisted in terminating the Plaintiff because of plaintiff's complaints about violations of federal law and racial discrimination.

4.     Defendant Deric Jones, Md is employed at DCH Hospital in Tuscaloosa, Alabama.  He directly participated in and assisted in terminating the Plaintiff because of plaintiff's complaints about violations of federal law and racial discrimination.

5.     Defendant St. Vincent's Blount, 150 Gilbreath Dr, Oneonta, AL, is a health care entity authorized to do business in Alabama. It directly participated in and assisted in terminating the Plaintiff by making false statements about the plaintiff to Team Health.

6.     Defendant Dr. Kristi Witcher, CEO of Baptist South, and Defendant Ginger Henry, past CEO of Prattville Baptist, are employed by Baptist Health Montgomery and their address is 4371 Narrow Lane Road #100, Montgomery, AL 36116. They directly participated in and assisted in terminating the Plaintiff because of plaintiff's complaints about violations of federal law and racial discrimination.

7.     Prattville Baptist and Baptist South are affiliates of

Baptist Health Systems, Montgomery and their address is 4371 Narrow Lane Road #100, Montgomery, AL 36116. The legal name for said entities is The Health Care Authority for Baptist Health. These entities are also referred to collectively and per their corporate control as "Baptist Health" or "Baptist Health Systems". They directly participated in and assisted in terminating the Plaintiff because of plaintiff's complaints about violations of federal law and racial discrimination.

8.   Eric Morgan, PhD was CEO of Prattville Baptist and administrator "on call" on the date of the Prattville EMTALA violation and his address is 4371 Narrow Lane Road #100, Montgomery, AL 36116.  He directly participated in and assisted in the conspiracy to terminate the Plaintiff because of Plaintiff's complaints about violations of federal law.

9. Defendant Andalusia is a business operating under the laws of the State of Alabama and its address is 849 South 3 Notch Street, Andalusia, Alabama 36420. It directly participated in and assisted in the conspiracy to terminate the Plaintiff because of Plaintiff's complaints about violations of federal law.


**B.    <u>JURISDICTION</u>**

This action is brought pursuant to the Emergency Medical Treatment & Labor Act (EMTALA), 42 U.S.C. § 1395, et. seq., to state common law contract, interference with business relations and defamation theories, the False Claims Act, 31 U.S.C. § 3729-3733, et. seq., the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, et. seq., et.seq, the Civil Rights Act codified at 42 U.S.C. 1981

et.seq.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of state claims pursuant to 28 U.S.C. § 1367.

### C.   <u>FACTS</u>

1.  Plaintiff is a graduate of Emory University and the University of Alabama at Birmingham's Medical School and Graduate School of Sciences. He has a PhD in Biochemistry and Molecular Genetics along with his medical degree. The plaintiff is board certified in emergency medicine. He has also done research at the famed Woods Hole Research facility in Cape Cod, Massachusetts and at UAB. The plaintiff C & J Sciences is plaintiff Milner's alter ego per his contract and both entities will be referred to collectively as "Plaintiff" or "Dr. Milner".

2.  On or around October 8, 2012, Plaintiff was recruited by Team Health to work part time at DCH in Tuscaloosa.  Plaintiff started in Dec 2011 and signed an agreement with Team Health in Birmingham on or around the same time.  *He was terminated by Baptist Health Systems[2] and Team Health on or around December 18, 2017 because he engaged in a pattern of protected and federally mandated regulatory reporting and whistleblowing to protect patients but that might cost Team Health and Baptist Health money and business relationships.*

### <u>*2011/2012 Retaliatory Act Leading to*</u>

### <u>*Termination – Reporting Derogatory Jokes at DCH*</u>

---

[2] *Upon information and belief, Baptist Health Systems Montgomery is the parent company of Baptist South, Prattville Baptist and Baptist Montgomery.  They are hereinafter also collectively referred to as Baptist Health.*

3. It wasn't very long when various black staff spoke with the Plaintiff privately about the racist commentary by Dr. Deric Jones, the medical director and a white male. It was common knowledge among staff and patients that Dr. Jones used offensive racial jokes and comments routinely. The plaintiff reported said improper and illegal comments to the onsite medical director (who happened to be Dr. Jones) for the hospital and employed by Team Health and as further identified in the charts below. This was the protocol for reporting mandated administrative and regulatory violations.

4. Namely, as Plaintiff was working with one of his scribes, Dr. Deric Jones asked them if "[they] walked the way [they] did because [they] were black or just cool."

5. Plaintiff thought the comment was derogatory and Plaintiff told him so.  After that, Dr. Deric Jones started making complaints about him because of his complaint about improper racial jokes.  Some of the medical staff told him confidentially that Dr. Deric Jones was bringing up issues at the medical executive committee that should have been handled privately between us.

6. After a while,  Plaintiff decided to file an EEOC complaint and met with Dr. Neil Christen (Team Health State Medical Director), a white male, and Marcia Stiles-Lucas, (Team Health VP of Operations), a white female to discuss the matter at a local restaurant on the southside of Birmingham.  Team Health strongly encouraged him not to file a complaint.  In

exchange, they promised to pay him more, make him a member of the Travel Team and take him off the schedule at DCH. **This began a pattern and practice by Team Health and its executives of discouraging the plaintiff from making mandated administrative and regulatory complaints and re-assigning the plaintiff after such complaints were made.**

7.   After taking the Plaintiff off the DCH schedule as a direct result of his complaints about racist comments, Plaintiff started working at Lakeland, Decatur General, Andalusia and Vaughan.  Additionally, the following chart details this report:

**2012 Discrimination Report (Chart 1)** –

a. _Location of report and complaint_: 2011-2012 – Offensive racial comments and jokes
b. _Date of report and complaint_: 2011-2012 DCH/2011-2012 Call to Team Health and met with Dr. Christen and Dr. Stiles at Bottega
c. _Who report made to_: Deric Jones, Medical Director[3] at DCH & Dr. Christen, State Medical Director
d. _Who made report_: Plaintiff
e. _What person or entity said or did in response to report or complaint_: Deric Jones didn't do anything and then plaintiff heard that he began making petty complaints against plaintiff at DCH medical executive meetings, for example Dr. Jones falsely claimed that Dr. Milner taking a simple bathroom break placed a patient in danger; Dr. Christen and Ms. Stiles of Team Health did not investigate the discrimination claim and even said that if the **plaintiff filed a whistleblower complaint that it would ruin Team Health's relationship with DCH because the EEOC would bring a lot of investigators in and it would be a mess**
f. _Substance of report or complaint_: offensive racial jokes that plaintiff overheard and had reported that there was a general consensus among staff and patients that Dr. Jones made offensive racial jokes and comments
g. _Specific retaliatory act(s):_ transferred plaintiff from DCH in 2012 because of retaliatory report; terminated in 2017 because of impact of retaliatory reports on Team Health's bottom line; false statements made by Dr. Jones at medical executive committee at DCH; in 2018 Dr. Raul Pinon at Vaughan told plaintiff that Team Health wanted him off the schedule and he said this is a bad situation developing; 2014 false evaluation from Dr. Deric Jones to the VA Hospital
h. _Who directly terminated plaintiff_: Dr. Jon Cuba, Team Health, Ginger Henry & Baptist Health
i. _Who contributed to plaintiff's termination_: Neil Johns, MD, Team Health, Baptist Defendant Affiliates, STV Blount, Andalusia, John Lewis, MD, Kristi Witcher, Eric Morgan and Dr. Deric Jones
j. _Info relied on by person who terminated plaintiff to support 2017 termination_: Baptist Montgomery's & Ginger Henry's false statements and Deric Jones' false statements and false evaluations; Ginger Henry falsely stated to Baptist officials that the plaintiff's care of her mother was substandard and her mother was unhappy with plaintiff's treatment; defendants' complaints to Dr. Cuba about being unhappy with plaintiff's whistleblowing

---

[3] _The medical directors were employed by Team Health and contract staff agents for the hospital's emergency room._

activity; reports to Team Health by its onsite medical directors about plaintiff's whistleblowing; false statements of defendants to Team Health

## *Retaliatory Act Leading to Termination – January 18, 2014*

## *Reporting the Refusal of Mobile Infirmary to Accept a Transfer*

## *Patient from Andalusia*

8. Consistent with Team Health's pattern of reassigning him after making lawfully protected complaints about unlawful employment activities and refusing to reject critical and unstable patients in the ER, Plaintiff **was abruptly taken off the schedule by Team Health at Andalusia** specifically because Plaintiff threatened to file an EMTALA violation against Andalusia.  Andalusia disciplined the Plaintiff for making an EMTALA complaint to Andalusia about Mobile Infirmary for Mobile Infirmary's refusal to accept a critical patient and thereby advancing the conspiracy to ultimately have the Plaintiff terminated for engaging in lawfully protected reporting conduct. This occurred around January 18, 2014.

9.   The same day, Plaintiff was called by a Team Health representative, who said the hospital admin at Andalusia was very upset about his complaints about Mobile Infirmary's refusal to reject a critical patient and that the Plaintiff was being reassigned to Baptist Health in Montgomery. Team Health and Andalusia harassed, bullied and discriminated against the Plaintiff for engaging in the above protected acts and conspired to get the Plaintiff fired.

The following chart further details this incident:

**January 18, 2014 EMTALA Report (Chart 2)** –

a. *Location of report and complaint*: Andalusia Hospital – Staff's failure to follow transfer order for critical patient
b. *Date of report and complaint*: January 18, 2014
c. *Who report made to*: Charge Nurse, Nursing Supervisor, Team Health Executives
d. *Who made report*: Plaintiff
e. *What person or entity said or did in response to report or complaint*: Team Health told plaintiff that Andalusia administration is "pissed" that plaintiff threatened to file an EMTALA complaint and told defendant to "stop whatever he was doing" and the Andalusia and Team Health and Andalusia administration wanted plaintiff off the schedule at Andalusia
f. *Substance of report or complaint*: a patient needed to be transferred to Mobile Infirmary because it was a higher level of care for cardiac emergencies, Mobile Infirmary refused and said refusal violated EMTALA plaintiff is required by law to report the same
g. *Specific retaliatory act(s):* reduced shifts at Andalusia and transferred plaintiff from Andalusia in February 2014; Team Health ridiculed plaintiff by chastising plaintiff for whistleblower EMTALA complaint; terminated in 2017 because of impact of retaliatory reports on Team Health's and Andalusia's bottom line
h. *Who directly terminated plaintiff*: Dr. Jon Cuba, Team Health, Ginger Henry & Baptist Health
i. *Who contributed to plaintiff's termination*: Neil Johns, MD, Team Health, Baptist Defendant Affiliates, STV Blount, Andalusia, John Lewis, MD, Kristi Witcher, Eric Morgan and Dr. Deric Jones
j. *Info relied on by person who terminated plaintiff to support 2017 termination*: Baptist Montgomery's & Ginger Henry's false statements and Deric Jones false statements; false evaluations; Ginger Henry falsely stated to Baptist officials that the plaintiff's care of her mother was substandard and her mother was unhappy with plaintiff's treatment and Andalusia's desire to get rid of plaintiff and complaints to Team Health about plaintiff's EMTALA whistleblowing; defendants complaints to Dr. Cuba about being unhappy with plaintiff's whistleblowing activity; reports to Team Health by its onsite medical directors of plaintiff' whistleblowing; false statements of defendants to Team Health

*Retaliatory Act Leading to*

*Termination May 2014 – Reporting Opioid Prescription Fraud*

*at Prattville Baptist*

10.   Plaintiff started working at Baptist Health in March 2014 then Prattville Baptist in May 2014.  Plaintiff was warned that Prattville was a nasty and malignant place to work and that the administration catered to the drug addicted patients, especially patients with an opioid addiction.

11.   The Plaintiff discovered that doctors at Prattville Baptist were coerced to overprescribe opioids or risk

retaliation which could lead to plaintiff's termination.  Most

patients who were recipients of the opioid over-prescriptions

are poor in the rural Alabama city and those prescriptions are

mostly covered by Medicaid and other subsidized government

health coverage. Because it was proper, Plaintiff reported the

illegal practice to Team Health, Prattville Baptist and Baptist

Health and reported his stated dissatisfaction to Team Health

about being assigned there.  The following chart documents the

same:

**May, 2014 False Claims/Anti-Kickback Report (Chart 3)** -

a. *Location of report and complaint*: Prattville Baptist – opioid prescription fraud
b. *Date of report and complaint*: May 2014 – May 2017
c. *Who report made to*: Medical Director, Eric Morgan, PhD, Ginger Henry, CEO, Team Health, Jon Cuba, MD, Neal Johns, MD, Jon Lewis, MD
d. *Who made report*: Plaintiff
e. *What person or entity said or did in response to report or complaint*: Patients are demanding opioids and prescriptions that are not medically necessary and when plaintiff reported to Baptist and Team Health officials about this the Baptist officials said they **have to keep the drug addicts happy and he should give them a little** something
f. *Substance of report or complaint*: Opioid fraud
g. *Specific retaliatory act(s):* Team Health, Eric Morgan, Prattville Baptist and Ginger Henry took plaintiff off the schedule in 2017; Ginger Henry, Kristi Witcher and Eric Morgan began campaign to destroy plaintiff's credibility and reputation, reduced shifts at Prattville and eventually transferred plaintiff from Prattville; Team Health ridiculed plaintiff by chastising plaintiff for whistleblower EMTALA complaint; and terminated him in 2017 because of impact of retaliatory reports on Team Health's and Baptist's bottom line
h. *Who directly terminated plaintiff*: Dr. Jon Cuba, Team Health, Ginger Henry & Baptist Health
i. *Who contributed to plaintiff's termination*: Neil Johns, MD, Team Health, Baptist Defendant Affiliates, STV Blount, Andalusia, John Lewis, MD, Kristi Witcher, Eric Morgan and Dr. Deric Jones
j. *Info relied on by person who terminated plaintiff to support 2017 termination*: Baptist Montgomery's & Ginger Henry's false statements and Deric Jones false statements; false evaluations; Ginger Henry falsely stated to Baptist officials that the plaintiff's care of her mother was substandard and her mother was unhappy with plaintiff's treatment and Andalusia's desire to get rid of plaintiff and complaints to Team Health about plaintiff's EMTALA whistleblowing; defendants complaints to Dr. Cuba about being unhappy with plaintiff's whistleblowing activity; reports to Team Health by its onsite medical directors


12.   Plaintiff was first introduced to Ginger Henry, then CEO

while at Prattville Baptist.

*__May 8, 2014 and 2017 Retaliatory Act Leading to Termination –__*

*__Objecting to a Fraudulent Order to Transfer an Unstable ER__*

*__Patient and Report about a Physician's Refusal to Treat a__*

*__Critical ER Patient__*

*a. Retaliation for* Prattville Baptist/Jackson Hospital EMTALA

Incident

13. On May 8, 2014, a patient presented with an acute MI and Plaintiff asked the staff to call the cardiologist.  Plaintiff was asked by the unit clerk if Plaintiff wanted to call Jackson Hospital or Baptist South and Plaintiff replied, please call Baptist South.

14. Plaintiff requested immediate catherization but he recommended thrombolytics and transfer after the patient was stabilized.

15. While Plaintiff was finishing up in the ICU, Plaintiff was told that Debbie, a staff nurse, had changed his transfer plans, notified another cardiologist and was in the process of defying his orders and transferring the patient to Jackson hospital.

16.  Plaintiff arrived back in the ER as EMS was getting ready to transfer the patient.  After speaking with the patient and her family, they decided to send the patient to Baptist South and in defiance of the improper order to the contrary.

17. Debbie changed the plaintiff's transfer orders without the plaintiff's permission and placed the patient in serious

danger.  Plaintiff believes  she forged his name on the forms

because Plaintiff never signed her orders changing the transfer

to Jackson. Plaintiff is very disheartened and disappointed that

any of the Prattville staff would intervene in such a way that

could place his patients in danger. Debbie undermined the

credibility of not only herself but the entire Prattville nursing

staff and nursing leadership.

18. Plaintiff met with Ginger Henry, CEO, and Dr. Rios the

next day.  Suddenly, **Ginger chastised the Plaintiff for reporting**

**the EMTALA violation and then Ginger Henry was given a promotion**

**to an executive level at Montgomery Baptist Health System.**  The

following chart summarizes this incident:

**May 8, 2014 EMTALA Report (Chart 4)** –

a. _Location of report and complaint_: Prattville Baptist – EMTALA
b. _Date of report and complaint_: May 8, 2014
c. _Who report made to_: Julia Maha, Team Health Medical Director, Dr. Julio Rios, Ginger Henry, CEO, Team Health, Jon Cuba, MD, Neal Johns, MD, Jon Lewis, MD
d. _Who made report_: Plaintiff
e. _What person or entity said or did in response to report or complaint_: Held a meeting about transfer incident and turned focus on plaintiff stating that plaintiff looked angry and used a curse word; did nothing in regard to complaint
f. _Substance of report or complaint_: EMTALA – Failure to follow transfer order
g. _Specific retaliatory act(s):_ Team Health, Eric Morgan, Prattville Baptist and Ginger Henry took plaintiff off the schedule in 2017; Ginger Henry, Kristi Witcher and Eric Morgan began campaign to destroy plaintiff's credibility; Team Health ridiculed plaintiff by chastising plaintiff for whistleblower EMTALA complaint; terminated plaintiff in 2017 because of impact of retaliatory reports on Team Health's and Baptist's bottom line; and Dr. Cuba told plaintiff he has an impressive CV but plaintiff's name keeps coming up among hospital administrators about whistleblowing and that's a problem
h. _Who directly terminated plaintiff_: Dr. Jon Cuba, Team Health, Ginger Henry & Baptist Health
i. _Who contributed to plaintiff's termination_: Neil Johns, MD, Team Health, Baptist Defendant Affiliates, STV Blount, Andalusia, John Lewis, MD, Kristi Witcher, Eric Morgan and Dr. Deric Jones
j. _Info relied on by person who terminated plaintiff to support 2017 termination_: Baptist Montgomery's & Ginger Henry's false statements and Deric Jones false statements; false evaluations; Ginger Henry falsely stated to Baptist officials that the plaintiff's care of her mother was substandard and her mother was unhappy with plaintiff's treatment and Andalusia's desire to get rid of plaintiff and complaints to Team Health about plaintiff's EMTALA whistleblowing; defendants complaints to Dr. Cuba about being unhappy with plaintiff's whistleblowing activity; reports to Team Health by its onsite medical directors

19. Of course, plaintiff was reassigned. Plaintiff started

splitting time between Vaughan Medical, Baptist Health and Baptist South in June 2014 and at STV Blount and St Clair in June 2015.

   b. *Retaliation for Baptist South EMTALA Incident*

   20. On or around 2017, the Plaintiff reported an EMTALA violation where the orthopedist on call at Baptist South, in effect, refused to treat a young, black male in a motor vehicle accident by delaying treatment. The patient eventually died. Plaintiff complained to Team Health Executives, charge nurses and other representatives.  Specifically, see the following chart:

**2017 EMTALA Report (Chart 5)** –

a. *Location of report and complaint*: Baptist South – EMTALA
b. *Date of report and complaint*: 2017
c. *Who report made to*: Harry Kim, Medical Director at Team Health and John Sullivan, MD, Baptist South Team Health Medical Director, Team Health
d. *Who made report*: Plaintiff
e. *What person or entity said or did in response to report or complaint*: Held a meeting about transfer incident and turned focus on plaintiff stating that plaintiff looked angry and used a curse word; did nothing in regard to complaint
f. *Substance of report or complaint*: EMTALA – Failure to follow transfer order
g. *Specific retaliatory act(s):* Team Health, Eric Morgan, Prattville Baptist and Ginger Henry took plaintiff off the schedule in 2017; Ginger Henry, Kristi Witcher and Eric Morgan began campaign to destroy plaintiff's credibility; Team Health ridiculed plaintiff by chastising plaintiff for whistleblower EMTALA complaint; terminated plaintiff in 2017 because of impact of retaliatory reports on Team Health's and Baptist's bottom line; and Dr. Cuba told plaintiff he has an impressive CV but plaintiff's name keeps coming up among hospital administrators about whistleblowing and that's a problem
h. *Who directly terminated plaintiff*: Dr. Jon Cuba, Team Health, Ginger Henry & Baptist Health
i. *Who contributed to plaintiff's termination*: Neil Johns, MD, Team Health, Baptist Defendant Affiliates, STV Blount, Andalusia, John Lewis, MD, Kristi Witcher, Eric Morgan and Dr. Deric Jones
j. *Info relied on by person who terminated plaintiff to support 2017 termination*: Baptist Montgomery's & Ginger Henry's false statements and Deric Jones false statements; false evaluations; Ginger Henry falsely stated to Baptist officials that the plaintiff's care of her mother was substandard and her mother was unhappy with plaintiff's treatment and Andalusia's desire to get rid of plaintiff and complaints to Team Health about plaintiff's EMTALA whistleblowing; defendants complaints to Dr. Cuba about being unhappy with plaintiff's whistleblowing activity; reports to Team Health by its onsite medical directors

   *Other Executives Who Conspired to Terminate Plaintiff for*

   *Engaging in Protected Conduct*

21. Dr. Jon Cuba was the regional medical director in 2015.  Dr. Christen was the state medical director.  Plaintiff was first introduced to Dr. Jon Cuba around 2016.  He immediately had nothing good to say about the Plaintiff and he said Plaintiff was the one that administration complained about (i.e. the "goody two shoes" doctor who keeps reporting his employer's violations of the law).

22.  Dr. Jon Cuba, Dr. John Lewis and Dr. Neal Johns, all executives of Team Health, along with Dr. Kristen Witcher, CEO of Baptist Health, and Ginger Henry, past CEO of Prattville Baptist, each chastised him publicly and ridiculed the Plaintiff because of his past complaints to his hospital clients and to Team Health about improper racial comments, his unwillingness to transfer a critical patient and unstable patient and his reports about the opioid prescription violations at Prattville. They each made false statements relied on by Team Health and Baptist to terminate him.

23. Dr. John Cuba, Dr. John Lewis and Dr. Neal Johns, all white males, along with Dr. Kristen Witcher, CEO of Baptist Health, and Ginger Henry, past CEO of Prattville Baptist, all white females, did this in spite of and in contrast to their public support for and silence about patients and nurses who reported that Dr. Neil Christen, a white male, slammed doors and made the nurses and patients afraid.

24.  Exacerbating the situation, Plaintiff's  scribes told the plaintiff that they overheard Dr. Kristi Witcher many times

saying that Ginger Henry didn't like the Plaintiff and wanted
the Plaintiff off the schedule.  The continued retaliation by
Ginger Henry and the Baptist System of Montgomery, adopted and
ratified by Jon Cuba and Team Health, would prove devastating to
the plaintiff's career.

25.  Although the Plaintiff was credentialed to work all
over the state at Team Health facilities and had a good
professional relationship with the Vaughan medical director, Dr.
Raul Pinon, Plaintiff only made it through one shift.  In 2018,
Dr. Raul Pinon called the plaintiff after his shift and stated
Team Health wanted the Plaintiff off the schedule.  He said he
didn't know why because his long relationship with Vaughan was
excellent. The same thing happened at St Vincent's.

26.  As such, the Plaintiff was out of work until February
2018.  Plaintiff was scheduled to work 20 more shifts with Team
Health from December 2017 to January 2018 at a cost of $60,000.
Plaintiff was out of work for a month which cost him an
additional $50,000.  Furthermore, Plaintiff went back to work on
February 2018 at a greatly reduced pay rate and a damaged
reputation because of the conspiracy by Dr. Jon Cuba, Dr. Neil
Johns, Dr. John Lewis, Team Health, Baptist Health Montgomery,
Ginger Henry, Prattville Baptist and defendants herein to
terminate his contract and employment for his lawful reports of
violations of federal law, namely EMTALA, FCA, Anti-Kick Back
Statute and 42 U.S.C. 1981.

27. Plaintiff was subjected to a systemic culture of

harassment and intimidation at Baptist Montgomery, Team Health, Prattville Baptist and Baptist South.  At the same time, said defendants allowed the sole cardiologist at Prattville to work while obviously intoxicated, while cursing and while fussing with nearly every consult. The incidents clearly violated 42 U.S.C.'s prohibition against disparate treatment.

### D. <u>CAUSES OF ACTION</u>

The following are the "false statements" and "predicate acts", also referenced in the body of this response, they used to accomplish the same:

1. <u>"False statements" are defined herein as</u>:

i. *Statement that Dr. Milner's lawful complaints were improper and not supported by law and hospital policy were false.* Dr. Milner's complaints were exactly what the EMTALA, False Claims/Anti-Kickback and anti-discrimination laws require. Dr. Milner should have been hailed as a model for training on regulatory compliance and not chastised.

ii. *Negative statements regarding his alleged below average job performance were false.* His reports evidenced high ethical and professional competence and a commitment to his oath and he should have been given a commendation and not disciplined.

iii. *Statements communicating that Dr. Milner was insubordinate while attempting to transfer patients, refusing to discharge an unstable patient and reporting discriminatory conduct were false.* His conduct was lawful and complied with hospital regulations and he should have been promoted and not terminated.

2. <u>"Predicate Acts" are defined for purposes of the conspiracy claims</u>

<u>as</u>:

   i. Retaliation by termination, by unfavorable employment transfers and thru negative and false statements against Dr. Milner, an EMTALA whistleblower, for reporting to Team Health and Baptist entities and officials an effort by Prattville Baptist to force him to transfer an unstable patient on May 8, 2014; reporting to Team Health and Baptist officials a hospital staffer's refusal at Baptist South to treat and provide medical screening to a critical patient in 2017; and reporting to Team Health and Andalusia another hospital's refusal to accept a transfer in March 2014.

   ii. Retaliation by termination, in unfavorable employment terms and thru negative and false statements against Dr. Milner, a False Claims/Anti-Kickback whistleblower, for reporting in 2014 to Team Health and to Baptist officials that opioids were being over prescribed resulting in improper billing to federal insurance agencies.

   iii. Retaliation by termination, in unfavorable employment terms and thru negative and false statements against Dr. Milner, a racial discrimination whistleblower, for reporting in 2011/2012 to DCH and Team Health racial slurs and racially discriminatory statements made by a staffer at DCH.

   The above are referred to collectively in this response as "false statements" and as "predicate acts." They show a clear pattern, especially by Baptist and by team Health of ignoring and punishing the plaintiff for whistleblower complaints.

### _COUNT ONE – TEAM HEALTH, ANDALUSIA & BAPTIST SOUTH_
### _(RETALIATION FOR EMTALA WHISTLEBLOWING)_

27. The plaintiff hereby incorporates the allegations in paragraph's one through twenty-six of this complaint as if set out fully herein.

28.  From 2011 to 2017, defendant Team Health owned, operated, maintained, managed and/or controlled a certain medical facility known as Andalusia. The defendant provided emergency services as defined by the EMTALA, rooms, laboratories, technicians, and nursing services for patients confined in said facility.

29.    In March, 2014, on May 8, 2014, and in 2017 the plaintiff was an employee of Team Health and caring for patients in the emergency rooms of Andalusia, Prattville and Baptist South, respectively. In March 14, the Plaintiff reported that Mobile Infirmary improperly refused to accept a critical patient; in May 2014, the defendant Prattville refused an order to transfer a critical patient; and in 2017, the Plaintiff reported a doctor's delay in treating a critical patient.

30.  It was the duty of Team Health as aforesaid, by and through its licensed agents, servants and employees, to provide appropriate medical screening and stabilizing treatment for the patient injuries.

31.  Not regarding its duty as defined above, Team Health disciplined, transferred, ridiculed, retaliated and otherwise terminated the Plaintiff for engaging in the above protected conduct in violation of the EMTALA.  Furthermore, these parties committed acts identified in Charts 1-5.

32. As a direct and proximate result of the aforesaid, the plaintiff suffered lost wages, gainful employment, lost opportunities and extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, mental anguish, pain and suffering, punitive damages, attorney fees and costs and grant such other relief as is just and appropriate.

## COUNT TWO (TEAM HEALTH – RETALIATION FOR FALSE CLAIMS ACT/ANTI KICKBACK WHISTEBLOWING)

33.  The plaintiff incorporates by reference paragraphs one through thirty-two as if fully set out herein.

34.  In May 2014, Plaintiff was assigned to the toxic Prattville "opioid factory."

35. At all times mentioned herein, it became and was the duty of Team Health to exercise due care and caution in the examination, treatment and diagnosis of the patients with possible opioid addictions and to ensure that it responsibly prescribed opioids to avoid both addiction and unnecessary costs to Medicaid and other subsidized health care for patients in this rural and poor area.

36. The Plaintiff complained about the opioid prescription and billing abuse to Team Health and Baptist Health to no avail.

37. Team Health through its agents Dr. Jon Cuba, Dr. Neil Johns, Dr. John Lewis and its affiliate Ginger Henry of Prattville Baptist and Dr. Kristi Witcher were guilty of and

conspired to terminate the plaintiff for reporting opioid prescription abuse and unnecessary prescription costs borne primarily by people with government health care. Upon information and belief, the pressure to overprescribe came directly from the opioid industry which oftentimes pays doctors and emergency medical facilities for excessive opioid prescriptions. Also, Baptist Health officials directly pressured plaintiff to overprescribe unnecessary opioid prescriptions.

Furthermore, defendant Team Health committed acts identified in Charts 1-5.

38.  As a direct and proximate result of the aforesaid, the plaintiff suffered lost wages, gainful employment, lost opportunities and extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### COUNT THREE – TEAM HEALTH

### (RESPONDEAT SUPERIOR)

39.  The plaintiff hereby incorporates the allegations in paragraph's one through thirty-eight of this complaint as if set out fully herein.

40.  From 2011 to 2017, defendant Team Health owned, operated, maintained, managed and/or controlled a certain emergency medical facilities such as Prattville Baptist, Baptist Health Montgomery, Andalusia, St. Vincent's Blount, Baptist South

and Baptist Health. The defendant provided rooms, laboratories, technicians, and nursing services for patients confined in said facility.

41.  From 2011 to 2017, the plaintiff served as an ER physician in said facilities.

42.  It was the duty as aforesaid, by and through its licensed agents, servants and employees, to exercise ordinary care and caution in the care and treatment of ER patients and compliance with federal EMTALA, FCA, AKS & 42 U.S.C. 1981.

43.  Not regarding its duty as defined above, the defendant, by and through its authorized agents, servants, and employees, was guilty of retaliating against the plaintiff for reporting violations of and attempting to follow these federal laws.

44.  As a direct and proximate result of the aforesaid, the plaintiff suffered termination of employment, lost contracts, extreme emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### *COUNT FOUR – TEAM HEALTH (CORPORATE LIABILITY)*

45.  The plaintiff hereby incorporates the allegations in paragraph's one through forty-four of this complaint as if set out fully herein.

46.  From 2011 to 2017 and at all times referenced hereinabove, the defendant Team Health's supervisors, physicians, nurses,

independent contractors, employees, including but not limited to

Dr. Jon Cuba, Dr. Neil Johns, Dr. John Lewis and its affiliate

St. Vincent's Blount, Ginger Henry of Prattville Baptist, and Dr.

Kristi Witcher, Andalusia, Baptist Health, Baptist South and

treating nurses herein, acted for defendant Team Health, under

defendant Team Health's control and authority.

Defendant Team Health's supervisors, physicians, independent

contractors, employees, including, but not limited to, Dr. Jon Cuba

and treating nurses herein, acted within the line and scope of their

authority.   The defendant Team Health had supreme control and

direction of its supervisors, physicians, nurses, independent c

contractors, employees, including but not limited to Dr. Jon Cuba,

Dr. Neil Johns, Dr. John Lewis and its affiliate Ginger Henry

of Prattville Baptist, Dr. Kristi Witcher and treating nurses

herein.  Defendant Team Health defined their duties and the manner

in which they executed their duties and other wise held them out

and/or permitted their appearance as its agents.

47.  At all times mentioned herein, there was an absence of company

policies, written or oral, which foster the appropriate resolution

of EMATALA, prescription fraud and discrimination reports like

the ones involving the plaintiff. Furthermore, the defendant Team

Health failed to provide proper supervision, proper investigation

into the background of the above named and physicians and staff

and proper training regarding whistleblowers claims.

48.  As a direct and proximate result of the aforesaid, the

plaintiff suffered loss of employment, lost wages, lost

opportunity, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### COUNT FIVE (TEAM HEALTH – 42 U.S.C. 1981 RETALIATION AND DISCRIMINATION)

49.   The plaintiff incorporates by reference paragraphs one through forty-eight as if fully set out herein.

50.   On or around March 2014 the Plaintiff reported racial jokes made by Dr. Deric Jones, a white male.

51.   Team Health staff, Dr. Neil Christen and Marcia Lucas, belittled the complaint, encouraged the Plaintiff not to file an EEOC complaint and **transferred the Plaintiff instead of dealing with the inappropriate conduct**.   They even offered to pay the Plaintiff more to stay quiet.

52. Unfortunately, these measures did not work in the long run.  Team Health permitted Dr. Deric Jones to make negative comments about and ultimately adopted and ratified his views by firing the plaintiff in retaliation for this report and a series of reports he made about violations of federal law, including 42 U.S.C. 1981, designed to protect whistle blowers.  Defendant Deric Jones and Team Health then preventing the plaintiff from getting work at other agencies they controlled or had influence with. Furthermore, defendant Team Health and Dr. Jones committed acts identified in Charts 1-5.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant

such other relief as is just and appropriate.

### COUNT SIX – TEAM HEALTH  (BREACH OF CONTRACT)

53.  The plaintiff hereby incorporates the allegations in

paragraph's one through fifty-two of this complaint as if set out

fully herein.

54. Defendant Team Health recruited the Plaintiff and agreed in its

contract to provide the plaintiff with gainful opportunities to operate

and serve in ER's around the state and to work exclusively for it.

55.  The plaintiff complied with all terms of said agreement but was

terminated and not paid for all the work that he did and not properly

compensated upon separated per the contract.  Said agreement encourages

compliance with the law and Team Health terminated him for making lawful

complaints about violations of federal and state law and also failed to

give the plaintiff proper notice of his termination as required by the

contract.  Team Health also violated the contract's confidentiality clause

by improperly contacting and releasing information to third parties about

the plaintiff.  Furthermore, defendant Team Health committed acts

identified in Charts 1-5.

56.  As such, Team Health breached said agreement.

WHEREFORE, the plaintiff prays that this Court will grant judgment

against the defendant in an amount beyond the jurisdictional

minimum of this court, punitive damages, attorney fees and costs

and grant such other relief as is just and appropriate.

### COUNT SEVEN – TEAM HEALTH (INTERFERENCE WITH BUSINESS RELATIONSHIPS)

57. The plaintiff hereby incorporates the allegations in

paragraph's one through fifty-six of this complaint as if set

out fully herein.

58.  Defendant Team Health contacted multiple health care
entities and told them not to employ the Plaintiff.  This
interference was a direct result and because of plaintiff's
complaints about unlawful discrimination, ER discharges and
irregular opioid prescriptions. Said conduct amounts to a
violation of the common law prohibition against unlawful
interference with business relationships as the comments were
false statements, unprivileged and prohibited by the contract
with the plaintiff rendering them malicious and in bad faith.
Furthermore, defendant Team Health committed the acts identified
in Charts 1-5.

59.  As a direct and proximate result of the aforesaid
breaches the plaintiff suffered termination, lost business
opportunities, lost wages, extreme emotional and physical
distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment
against the defendant in an amount beyond the jurisdictional
minimum of this court, punitive damages, attorney fees and costs
and grant such other relief as is just and appropriate.

### COUNT EIGHT - TEAM HEALTH (DEFAMATION)

60.  The plaintiff hereby incorporates the allegations in
paragraph's one through fifty-nine of this complaint as if set
out fully herein.

61.  From 2014 to present, Defendant Team Health made false

and defamatory statements accusing the Plaintiff of poor job performance and of being an angry person in order to sway affiliates and partners from hiring the Plaintiff. Furthermore, defendant Team Health committed the following acts:

a. Team Health told officials at Vaughan in Selma to terminate the plaintiff based on false statements regarding its authority to prevent the plaintiff from working;

b. caused St. Vincent's hospitals to have avoid the plaintiff because of false statements;

c. Furthermore, defendant Team Health committed acts identified in Charts 1-5.

62.    As a direct and proximate result of the aforesaid breaches and fraud, the plaintiff suffered lost wages, lost employment, lost opportunities, death, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages, attorney fees and costs and grant such other relief as is just and appropriate.

**COUNT NINE (DR. JON CUBA, MD, DR. NEIL JOHNS, DR. JOHN LEWIS, TEAM HEALTH, BAPTIST HEALTH SYSTEMS, MONTGOMERY, GINGER HENRY, PRATTVILLE BAPTIST, DR. KRISTI WITCHER, ERIC MORGAN, DR. DERIC JONES, BAPTIST SOUTH & ANDALUSIA – CONSPIRACY TO WRONGFULLY TERMINATE PLAINTIFF FOR REPORTING FALSE CLAIMS ACT WHISTLEBLOWER**

VIOLATIONS, ANTI-KICKBACK WHISTLEBLOWER VIOLATIONS, 42 U.S.C.

WHISTLEBLOWER VIOLATIONS AND EMTALA WHISTLEBLOWER VIOLATIONS)

63.   The plaintiff incorporates by reference paragraphs one through sixty-two as if fully set out herein.

64   Between 2011 and present, Dr. Jon Cuba, Dr. Neil Johns, Dr. John Lewis, Team Health, Baptist Health Systems Montgomery, Ginger Henry, Prattville Baptist, Dr. Kristi Witcher, Eric Morgan, Dr. Deric Jones, Andalusia, Mobile Infirmary and Baptist South committed predicate acts, made false statements and otherwise conspired to ruin the plaintiff's professional reputation because plaintiff constantly complaint about and refused to engage in violations of federal and state law all conduct protected by law and designed to protect patients.

65. Specifically, **they had him transferred each time he complained about federal and state law violations** and ultimately contributed to and encouraged his termination on 2017 thru its predicate acts and false statements. They continue to malign his character by giving negative references and discouraging him from working at their own and other health care facilities throughout the state.  Furthermore, these defendants committed the acts identified in Charts 1-5.

66.   As a direct and proximate result of the aforesaid, the plaintiff suffered termination of employment, lost wages, lost opportunities, lost wages and extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant

judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

## COUNT TEN (GINGER HENRY — EMTALA RETALIATION, DEFAMATION & INTERFERENCE WITH BUSINESS RELATIONSHIPS)

67.    The plaintiff incorporates by reference paragraphs one through sixty-six as if fully set out herein.

68.    Ginger Henry, while serving as CEO of Prattville Baptist, retaliated against the plaintiff for the plaintiff reporting unlawful opioid prescription practices at Prattville Baptist. She chastised him, caused him to be transferred and ultimately caused his termination in 2017 by making false statements, derogatory remarks about his unwillingness to play ball and negative comments suggesting that he was not a competent physician.  These statements were false, defamatory and misleading as it was a pre-text for her disdain for the Plaintiff engaging in protected conduct.  The Plaintiff was injured, ultimately, by the loss of his contract with Team Health and Baptist Health Systems and privileges at Baptist Health Systems.  Furthermore, defendant Henry committed the following acts:

a. Ginger Henry specifically told Dr. Cuba and Team Health that she wanted Dr. Milner terminated;

b. caused Dr. Milner to lose gainful opportunities at other Team Health affiliates;

c.   other acts identified in Charts 1-5

69. As a direct and proximate result of the aforesaid, the plaintiff suffered termination, lost wages, lost opportunities, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### *COUNT ELEVEN - (BAPTIST MONTGOMERY AND PRATTVILLE BAPTIST - FALSE CLAIMS ACT/ANTI-KICKBACK WHISTLEBLOWER VIOLATIONS)*

70. The plaintiff incorporates by reference paragraphs one through sixty-nine as if fully set out herein.

71. In May 2014, Plaintiff was assigned to the toxic Prattville "opioid factory."

72. At all times mentioned herein, it became and was the duty of Baptist Montgomery and Prattville Baptist to exercise due care and caution in the examination, treatment and diagnosis of the patients with possible opioid addictions and to ensure that it responsibly prescribed opioids to avoid both addiction and unnecessary costs to Medicaid and other subsidized health care for patients in this rural and poor area.

73. The Plaintiff complained about the opioid prescription and billing abuse to Baptist Montgomery, Prattville Baptist and to Ginger Henry, then CEO, to no avail.

74. Baptist Montgomery, Prattville Baptist and Baptist Health, through its agents Eric Morgan and Ginger Henry of Prattville Baptist, were guilty of and conspired to terminate

the plaintiff for reporting opioid prescription and unnecessary prescription costs borne primarily by people with government health care. Upon information and belief, the pressure to overprescribe came directly from the opioid industry which oftentimes pays doctors and emergency medical facilities for excessive opioid prescriptions.  Furthermore, defendant Baptist Health thru Baptist Montgomery and Prattville Baptist committed the acts identified in Charts 1-5.

75.  As a direct and proximate result of the aforesaid, the plaintiff suffered lost wages, gainful employment, lost opportunities and extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this  Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

## COUNT TWELVE – BAPTIST MONTGOMERY AND PRATTVILLE BAPTIST
## (RESPONDEAT SUPERIOR)

76.  The plaintiff hereby incorporates the allegations in paragraph's one through seventy-five of this complaint as if set out fully herein.

77.  From 2011 to 2017, defendant Baptist Montgomery, Prattville Baptist and Baptist Health owned, operated, maintained, managed and/or controlled a certain emergency medical facilities such as Prattville Baptist, Baptist Health Montgomery and Baptist Health. The defendant provided rooms, laboratories, technicians, and nursing services for patients

confined in said facility.

78. From 2011 to 2017, the plaintiff served as an ER physician in said facilities.

79. It was the duty as aforesaid, by and through its licensed agents, servants and employees, to exercise ordinary care and caution in the care and treatment of ER patients and compliance with federal EMATALA, FCA, AKS & 42 U.S.C. 1981.

80. Not regarding its duty as defined above, the defendant, by and through its authorized agents, servants, and employees, was guilty of retaliating against the plaintiff for reporting violations of and attempting to follow these federal law.

81. As a direct and proximate result of the aforesaid, the plaintiff suffered termination of employment, lost contracts, extreme emotional distress, lost wages and other damages.

WHEREFORE, the plaintiff prays that this  Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### *COUNT THIRTEEN – BAPTIST MONTGOMERY, PRATTVILLE BAPTIST AND BAPTIST HEALTH (CORPORATE LIABILITY)*

82.  The plaintiff hereby incorporates the allegations in paragraph's one through eighty-one of this complaint as if set out fully herein.

83. From 2011 to 2017 and at all times referenced hereinabove, the defendant Baptist Montgomery, Prattville Baptist and Baptist Health's supervisors, physicians, nurses,

independent contractors, employees, including but not limited to and its affiliate Eric Morgan and Ginger Henry of Prattville Baptist, Baptist Health and treating nurses herein, acted for defendant Baptist Montgomery, Prattville Baptist and Baptist East, under defendant Baptist Montgomery, Prattville Baptist and Baptist Health's control and authority. Defendant Baptist Montgomery, Prattville Baptist and Baptist Health's supervisors, physicians, nurses, independent contractors, employees, including but not limited to Eric Morgan and prescribing physicians herein, acted within the line and scope of their authority.  The defendant Baptist Montgomery, Prattville Baptist and Baptist Health had supreme control and direction of its supervisors, physicians, nurses, independent contractors, employees, including but not limited to Dr. Eric Morgan and Ginger Henry of Prattville Baptist. Defendant Baptist Montgomery, Prattville Baptist and Baptist Health defined their duties and the manner in which they executed their duties and other wise held them out and/or permitted their appearance as its agents.

84.  At all times mentioned herein, there was an absence of company policies, written or oral, which foster the appropriate resolution of EMATALA, prescription fraud and discrimination reports like the ones involving the plaintiff Furthermore, the defendant Baptist Montgomery, Prattville Baptist and Baptist Health failed to provide proper supervision, proper investigation into the background of the above named and

physicians and staff and proper training regarding whistleblowers claims.

85.  As a direct and proximate result of the aforesaid, the plaintiff suffered loss of employment, lost wages, lost opportunity, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### *COUNT FOURTEEN (BAPTIST MONTGOMERY, PRATTVILLE BAPTIST AND GINGER HENRY – 42 U.S.C. 1981 WHISTLE BLOWER RETALIATION AND DISCRIMINATION)*

86.  The plaintiff incorporates by reference paragraphs one through eighty-five as if fully set out herein.

87.  On or around March 2011 to 2017 Ginger Henry was a high level manager for Baptist Health Montgomery and Prattville Baptist.

88. Ginger Henry is a known racist per reports from co—workers.  She is also a white female and the plaintiff is a black male.  Ginger Henry, Baptist Montgomery, and Prattville Baptist, belittled the plaintiff's claims about violations of federal law and treated him negatively because of his race.

89. Baptist Montgomery, Prattville Baptist and Baptist Health permitted Ginger Henry to make negative comments about and ultimately adopted and ratified her views by assisting in the firing of the plaintiff in retaliation for this and a series of

reports he made about violations of federal law, including 42 U.S.C. 1981, designed to protect whistle blowers and then preventing him from getting work at other agencies it controlled or had influence with.  Furthermore, defendant Baptist Health thru Ginger Henry and Prattville Baptist committed the acts identified in Charts 1-5.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### *COUNT FIFTEEN – BAPTIST MONTGOMERY, PRATTVILLE BAPTIST, BAPTIST SOUTH AND BAPTIST HEALTH (INTERFERENCE WITH BUSINESS RELATIONSHIPS*)

90. The plaintiff hereby incorporates the allegations in paragraph's one through eighty-nine of this complaint as if set fully herein.

91. Defendant Baptist Montgomery, Prattville Baptist and Ginger Henry contacted or influenced multiple health care entities and encouraged them not to employ the Plaintiff, this includes but is not limited to Vaughan, Team Health and its affiliates.  This interference was a direct result and because of the plaintiff's complaints about unlawful discrimination, ER discharges and irregular opioid prescriptions. Said conduct amounts to a violation of the common law prohibition against unlawful interference with business relationships. Furthermore, defendant Baptist Health thru Baptist Montgomery, Baptist Health,

Baptist South and Prattville Baptist committed acts identified in Charts 1-5.

92.  As a direct and proximate result of the aforesaid breaches the plaintiff suffered termination, lost business opportunities, lost wages, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages, attorney fees and costs and grant such other relief as is just and appropriate.

## COUNT SIXTEEN – BAPTIST MONTGOMERY, PRATTVILLE BAPTIST AND GINGER HENRY & ERIC MORGAN (DEFAMATION & FALSE CLAIMS/ANTI-KICK BACK WHISTLEBLOWER RETALIATION)

93.  The plaintiff hereby incorporates the allegations in paragraph's one through ninety-two of this complaint as if set out fully herein.

94.  From 2011 to present, Defendant Baptist Montgomery, Prattville Baptist, Eric Morgan and Ginger Henry made false and defamatory statements accusing the Plaintiff of poor job performance and of being an angry person in order to sway affiliates and partners from hiring the Plaintiff. Ginger Henry falsely stated that her mother was unhappy with plaintiff's care and that plaintiff provided substandard care to her mother. These statements were false and made in retaliation of the Plaintiff's reports about Prattville Baptist opioid fraud and

excessive prescription policy and EMTALA infractions.

Furthermore, defendant Baptist Health thru Baptist Montgomery, Prattville Baptist, Ginger Henry and Eric Morgan committed the acts identified in Charts 1-5.

95.   As a direct and proximate result of the aforesaid breaches and fraud, the plaintiff suffered lost wages, lost employment, lost opportunities, death, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages, attorney fees and costs and grant such other relief as is just and appropriate.

## COUNT SEVENTEEN (BAPTIST MONTGOMERY, PRATTVILLE BAPTIST AND BAPTIST SOUTH – EMTALA WHISTLEBLOWER RETALIATION)

96.   The plaintiff incorporates by reference paragraphs one through ninety-five as if fully set out herein.

97.   In 2017, Baptist Montgomery and Baptist South retaliated against the Plaintiff for reporting to its medical director its failure to properly respond to a young male in a motor vehicle accident who ultimately died.  Also, on or around 2014 a nurse at Prattville Baptist changed the plaintiff's order to send a patient to an inferior ER and the plaintiff reported this violation to appropriate parties. Said defendant used both of these lawfully mandated reports to, ultimately, get the Plaintiff terminated from the system. In addition, these

defendants committed acts identified in Charts 1-5.

98. As a direct and proximate result of the aforesaid, the plaintiff suffered termination, lost wages, lost opportunities, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### COUNT EIGHTEEN (DR. KRISTI WITCHER — EMTALA WHISTLEBLOWER RETALIATION, DEFAMATION & INTERFERENCE WITH BUSINESS RELATIONSHIPS)

99. The plaintiff incorporates by reference paragraphs one through ninety-eight as if fully set out herein.

100. Dr. Kristi Witcher retaliated against the plaintiff while serving as CEO of Prattville South for the plaintiff reporting unlawful EMTALA violations while at Baptist South. She chastised him, **caused him to be transferred** and ultimately caused his termination in 2017 by making derogatory remarks about his unwillingness to play ball and that he was not a competent physician. These statements were false, defamatory and misleading as it was a pre-text for her disdain for the Plaintiff engaging in protected conduct. The Plaintiff was injured, ultimately, by the loss of his contract with Team Health and Baptist Health Systems and privileges at Baptist Health Systems. Furthermore, defendant Kristi Witcher committed the acts identified in Charts 1-5.

101. As a direct and proximate result of the aforesaid, the plaintiff suffered termination, lost wages, lost opportunities, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

**COUNT NINETEEN (DR. JON CUBA, MD, DR. NEIL JOHNS, DR. JOHN LEWIS – EMTALA WHISTLEBLOWER RETALIATION, FALSE CLAIM AND ANTI KICKBACK WHISTLEBLOWER RETALIATION, 42 USC 1981 WHISTELEBLOWER RETALIATION, DEFAMATION & INTERFERENCE WITH BUSINESS RELATIONSHIPS)**

102.    The plaintiff incorporates by reference paragraphs one through one hundred and one as if fully set out herein.

103.    Dr. Jon Cuba, Dr. Neil Johns and Dr. John Lewis retaliated against the plaintiff while serving as executives at Team Health for the plaintiff reporting unlawful opioid prescription practices at Prattville Baptist and EMTALA violations at Baptist South and Andalusia. They each chastised him, caused him to be transferred and ultimately caused his termination in 2017 by making derogatory remarks about his unwillingness to play ball and that he was not a competent physician.  These statements were false, defamatory and misleading as it was a pre-text for her disdain for the Plaintiff engaging in protected conduct.  The Plaintiff was injured, ultimately, by the loss of his contract with Team Health and

Baptist Health Systems and privileges at Baptist Health Systems. Furthermore, defendant Defendants Cuba, Johns and Lewis committed the acts identified in Charts 1-5.

104. As a direct and proximate result of the aforesaid, the plaintiff suffered termination, lost wages, lost opportunities, extreme emotional and physical distress.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

### COUNT TWENTY (DR. DERIC JONES, MD – 42 U.S.C. 1981 DISCRIMINATION, INTERFERENCE WITH BUSINESS RELATIONS & DEFAMATION)

105. The plaintiff incorporates by reference paragraphs one through one hundred and four as if fully set out herein.

106. On or around March 2014, Dr. Deric Jones and Ginger Henry were high level managers for Baptist Health Montgomery and Prattville Baptist.

107. Dr. Deric Jones is a known racist per reports from co-workers. He is also a white male and the plaintiff is a black male. Dr. Deric Jones, belittled the plaintiff's claims about violations of federal law and treated him negatively because of his race.

108. Dr. Deric Jones put in motion an effort to brand the Plaintiff as a trouble maker and ultimately his negative attitude about the Plaintiff and complaints to Team Health about

the Plaintiff led to the plaintiff's termination. Dr. Deric Jones retaliated against the plaintiff for the Plaintiff making reports about Dr. Jones' violations of federal law, including 42 U.S.C. 1981. Dr. Jones then participated in the conspiracy herein and prevented the Plaintiff from getting work at other agencies that Dr. Jones had influence with and he otherwise promulgated false rumors about the Plaintiff's competence. Specifically, he contacted the VA in Birmingham in 2018 and caused the plaintiff to lose a job opportunity there.

109.  Furthermore, defendant Deric Jones committed the acts identified in Charts 1-5.

110.  As a result, the plaintiff was terminated and defendant unlawfully interfered with plaintiff's ability to contract for services throughout Alabama.

WHEREFORE, the plaintiff prays that this Court will grant judgment against the defendant in an amount beyond the jurisdictional minimum of this court, punitive damages and grant such other relief as is just and appropriate.

## COUNT TWENTY-ONE – (ST. VINCENT'S BLOUNT – DEFAMATION & INTERFERENCE WITH BUSINESS RELATIONSHIPS)

111.  The plaintiff incorporates by reference paragraphs one through one hundred and ten as if fully set out herein.

112. St. Vincent's Blount made "false statements" about Dr. Milner primarily through evaluations that were designed to capitalize on and promote the narratives created by its disgruntled colleagues named herein.

113. STV Blount chastised Dr. Milner, caused him to be transferred and, ultimately, caused his termination in 2017 by making derogatory remarks to Team Health about his "unwillingness to play ball" and negative comments about his competence as a physician.  More specifically, the plaintiff will show that St. Vincent's Blount contacted Dr. Cuba at Team Health and made "false statements" to Dr. Cuba about Dr. Milner to promulgate this false narrative and in an effort to have Dr. Milner removed from rotations without just cause.  Even more, defendant STV Blount committed the following acts:

a.   Defendant Cuba at Team Health told the plaintiff, in 2017, that St. Vincent's administration keeps making negative comments about the plaintiff and that his name keeps coming up;

b.   Defendant Cuba said he did not like what he was hearing from St. Vincent's about the plaintiff;

c.   St. Vincent's administration did evaluations with false narratives about the plaintiff.

d. committed acts identified in Charts 1-5.

114. These statements are alleged to be and were false, defamatory and misleading as it was a pre-text for its disdain for the Plaintiff's propensity to engage in protected conduct. The complaint alleges circumstantially and inferentially that its comments became a part of his employment record and were relied on by Team Health to terminate Dr. Milner.  The Plaintiff was injured, ultimately, by the loss of his contract with Team Health and Baptist Health Systems and the loss of privileges at Baptist

Health Systems and other entities.

115. The above alleges a sufficient action for employment defamation against STV Blount and interference with business relationships as false statements driven by a personal vendetta cannot, by definition, be privileged or protected communication.

**_PLAINTIFF DEMANDS TRIAL BY STRUCK JURY_**

Respectfully Submitted,

s/Lee Wendell Loder
Lee Wendell Loder
Attorney for Plaintiff
Loder, P.C.
P.O. Box 13545
Birmingham, AL 35203
(205)326-0566
lloder@loderpc.com

**E. CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above was served on counsel for the defendants by electronic filing and by US mail, postage prepaid to defendants who have not entered and appearance on this the 16th day of March, 2020.

s/Lee Wendell Loder
Lee Wendell Loder